IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BRAJA SMITH,

    Plaintiff,

v.                                          CIVIL ACTION NO.: CV613-002

BRIAN OWENS; BRUCE CHATMAN;
JOHN PAUL; WINDELL FOWLER;
and SHEVONDAH FIELDS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss, to which Plaintiff responded.[1] Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he is an adherent to the Hindu religion and is not permitted to eat meat, fish, eggs, or any other food containing animal byproducts. Plaintiff also contends that he cannot eat any food prepared using materials used in the

---

[1] Plaintiff sent a copy of his Response to Defendants' counsel on April 9, 2013. (Doc. No. 20-1). However, Plaintiff failed to file a copy of his Response with the Court. Nevertheless, as Defendants' counsel attached Plaintiff's Response to the Notice of Intent to file a Reply, the undersigned has considered Plaintiff's Response. This is at least the second instance of Plaintiff failing to file a pleading with the Court. (See CV612-107).

preparation of foods he cannot eat. Plaintiff asserts that he requested a vegan diet, which Defendant Paul denied. Plaintiff alleges that he lost 20 pounds and filed a grievance, which Defendant Chatham denied. Plaintiff asserts that he asked Defendant Fowler to correct this matter, and he failed to do so. Plaintiff also asserts that Defendant Fields informed him that he could participate in the vegan diet program, if he paid for it. Plaintiff further asserts that Defendant Owens was notified of his requests, and yet, Plaintiff still has not been placed on the vegan diet. Plaintiff contends that the Defendants are infringing on his right to exercise his religion.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as

true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Respondeat Superior**

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

A.  **Defendants Chapman and Fields**

Defendants assert that Plaintiff's only allegation against Defendant Chatman is that Defendant Chatman denied Plaintiff's grievance. Defendants assert that Plaintiff's allegation against Defendant Fields is that she denied his grievance and told Plaintiff that he had to pay for participation in the vegan meal plan. Defendants contend that

Plaintiff makes no factual allegations linking an alleged constitutional violation with any action of Defendants Chatman or Fields.

Plaintiff alleges that Defendant Chatman denied his request to be placed on the vegan diet because of his religious beliefs. Plaintiff contends that Defendant Fields violated his rights by denying Plaintiff the alternative entrée meal plan, which Plaintiff contends he qualifies for based on his religious beliefs.

A review of the pleadings reveals that Plaintiff seeks to hold Defendants Chatman and Fields liable based on their denial of his grievance and the appeal of that denial, respectively. Plaintiff's allegations do not rise to the level of showing that it is plausible Defendants Chatman and Fields personally were involved in violating Plaintiff's rights in any way. At most, Plaintiff shows that these Defendants denied his administrative remedy requests. This is an insufficient basis for liability under § 1983. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming the district court's dismissal of the plaintiff's claims that two defendants holding supervisory positions based, in part, on the plaintiff's assertion that these defendants should be liable based on the denial of administrative relief); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (no liability under section 1983 for supervisoty officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances); see also, Pressley v. Beard, 2005 WL 2347369, at *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials because officials failed to take corrective action following the plaintiff's unsuccessful grievance). Accordingly, this portion of Defendants' Motion should be **granted**.

AO 72A
(Rev. 8/82)

B.  **Defendants Fowler and Owens**

Defendants assert that Plaintiff fails to make any factual allegations or point to any acts of Defendants Fowler or Owens which link either of these Defendants to the alleged deprivation of Plaintiff's constitutional rights. Defendants contend that, even assuming Plaintiff makes a viable First Amendment claim, his claims against Defendants Fowler and Owens fail because he does not to show a requisite causal connection.

Plaintiff states that Defendant Fowler, the Deputy Warden of Security, knew of Plaintiff's "desire" to be placed on the alternative entrée meal plan because of his religious beliefs. (Doc. No. 20-1, p. 5). Despite this knowledge, Plaintiff asserts, Defendant Fowler has made no effort to transfer Plaintiff to a prison which offers the alternative entrée meal plan. Plaintiff asserts that Defendant Owens, the Commissioner of the Georgia Department of Corrections, has been notified on several occasions that Plaintiff is a practicing Hindu and "would like to participate" in the alternative meal plan. (Id. at p. 4). Plaintiff also asserts that Defendant Owens "is directly responsible for violating [his] First Amendment [rights] since it is under his power to rectify this matter once it goes through all the administrative proceedures (sic)." (Id.).

Plaintiff's allegations against Defendants Fowler and Owens do not reveal a plausible claim that either of these Defendants is responsible for the alleged violation of Plaintiff's First Amendment rights. Plaintiff's allegations against these two (2) Defendants are akin to those against Defendants Chatman and Fields, i.e., these Defendants purportedly knew of the violation of Plaintiff's First Amendment right and

5

failed to take corrective measures. Though Plaintiff attempts to show Defendants Fowler and Owens had personal knowledge of his desire to be placed on the alternative entrée meal plan, he fails to set forth sufficient facts revealing that these Defendants are responsible for any alleged rights violation. This portion of Defendants' Motion should be **granted**.

II. **First Amendment Claim**[2]

Defendants contend that Plaintiff fails to show that there is a causal connection between Defendant Paul's denial of Plaintiff's placement into the alternative entrée meal plan and any alleged infringement on Plaintiff's rights. Defendants also contend that Plaintiff does not allege that he was denied access to vegan meals, only that the prison would not provide these meals to Plaintiff for free. Thus, Defendants assert, Plaintiff's First Amendment claim must fail. Plaintiff maintains that Defendant Paul denied his request to be placed in the alternative entrée meal plan, even though Defendant Paul knew that Plaintiff has strict dietary beliefs because of his faith.

The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). Prisoners retain their First Amendment rights, including rights under the free exercise of religion clause; however, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Brunskill v. Boyd, 141 F. App'x 771, 774 (11th Cir. 2005) (quoting O'Lone v. Estate of

---

[2] Given the undersigned recommended disposition of Plaintiff's claims based on respondeat superior principles, the discussion under this section pertains to Defendant Paul. Based on the undersigned's recommended disposition of Plaintiff's claims against Defendant Paul, it does not appear that Plaintiff is able to sustain a First Amendment claim against any Defendant.

6

Shabazz, 482 U.S. 342, 348 (1987)). To survive a motion to dismiss, "a plaintiff must allege a constitutionally impermissible burden on a sincerely held religious belief[.]" GeorgiaCarry.Org, Inc. v. Ga., 687 F.3d 1244, 1256 (11th Cir. 2012). "This is so because, as a threshold issue—before a court even considers whether a law is subject to the rational basis test or, alternatively, strict scrutiny—a court must be able to determine that the protection of the Free Exercise Clause is triggered." Id.. "[A]ll Free Exercise Clause challenges must include allegations that the law [or policy] at issue creates a constitutionally impermissible burden on a sincerely held religious belief." Id. at 1257.

A review of the pleadings reveals that Defendant Paul informed Plaintiff that Georgia State Prison does not participate in the alternative entrée meal plan and that he did not meet the policy requirements to have a transfer request submitted on his behalf.[3] (Doc. No. 6, pp. 4-6). Even though Defendant Paul denied Plaintiff's request to be placed in the alternative entrée meal plan, Plaintiff makes no averment that this decision resulted in the infringement of his First Amendment rights. Plaintiff makes no assertion that this denial placed any burden on his right to practice his religion within a prison setting. In short, the pleadings before the Court reveal that Plaintiff's First Amendment claims do not rise to the level of plausible, as required to survive a motion to dismiss. Plaintiff instead makes the general assertion that he is of the Hindu faith and is not able to participate in the alternative entrée meal plan at Georgia State Prison. This portion of Defendants' Motion should be **granted**.

It is unnecessary to address the remaining portions of Defendants' Motion.

---

[3] Plaintiff filed copies of his grievances and the responses as a separately docketed filing. (Doc. No. 6). It is reasonable to consider this filing as part of Plaintiff's Complaint and thus, as a pleading the Court should review in analyzing a motion to dismiss.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)